UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK L. BLANKS,

    Petitioner,

v.

TIMOTHY WENGLER, *et al.*,

    Respondents.

Case No. C08-5543 BHS/KLS

ORDER DENYING MOTION FOR STAY AND ABATEMENT AND GRANTING LEAVE TO FILE AMENDED PETITION

This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

On September 10, 2008, Petitioner Derek L. Blanks filed his habeas corpus petition, seeking to challenge his 2004 conviction by plea for first degree child molestation. Dkt. # 5. Mr. Blanks states nine claims for relief. *Id.* On January 12, 2009, Respondents filed an answer, stating that Mr. Blanks had failed to exhaust six of his habeas claims and part of a seventh because he failed to properly raise them at every level of the state courts' review. Dkt. # 17. Respondents argue that Mr. Blanks' three exhausted claims are without merit and ask that the petition be dismissed with prejudice or, alternatively that Mr. Blanks be advised of his options regarding his mixed petition. *Id.*, p. 17.

On March 16, 2009, Mr. Blanks filed a motion for stay and abeyance, requesting that this matter be stayed while he returns to state court "to exhaust the unexhausted Habeas Corpus Petition Grounds; 2(b), 3, 4, 5, 6, 9(1) & (2)." Dkt. # 19, pp. 1-2. Respondents have filed no response to the

ORDER
Page - 1

motion for stay and abeyance.

Upon review, it is the Court's recommendation that a stay and abeyance is inappropriate, but the Mr. Blanks should be allowed to delete the unexhausted claims and proceed with his exhausted claims, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).

## I. DISCUSSION

### A. Petitioner's Exhausted and Unexhausted Claims

In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor,* 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).

The parties agree that Mr. Blanks has failed to exhaust the second half of Claim 2 and Claims 3, 4, 5, 6, and 9. However, Respondents argue that Mr. Blanks has also failed to exhaust Claim 7. Dkt. # 17, p. 8. The Court's review of the record confirms that as to Claim 7, Mr. Blanks raised this issue as a federal constitutional claim in the Washington Court of Appeals (*see* Dkt. # 18, Exh. 4, pp. 17-18) and that he raised it in the Washington Supreme Court. *Id.*; Exh. 7 at 10. Thus, Mr. Blanks is correct that his unexhausted claims are 2(b), 3, 4, 5, 6 and 9.

When a petitioner has defaulted on his claims in state court, principles of federalism, comity, and the orderly administration of criminal justice require that federal courts forego the exercise of their *habeas corpus* power. *Francis v. Henderson*, 425 U.S. 536, 538-39 (1976). Rules that promote prompt resolution of all constitutional claims at the appropriate state court proceeding must be respected by a federal *habeas* court. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). Thus, federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines*, 544 U.S. at 273-274. Instead, such petitions "must be dismissed for failure to completely exhaust available state remedies." *Jefferson v. Budge*, 419 F.3d 1013, 2005 WL 1949886 *2 (9th Cir. 2005) (citing *Rose v. Lundy*, 455

ORDER
Page - 2

U.S. 509, 518-22 (1982)).

Before dismissing a mixed petition containing both exhausted and unexhausted claims the court is generally required to provide petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Id.*; *see also Rhines*, 544 U.S. at 278; *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed petition by striking unexhausted claims). Mr. Blanks requests the Court to stay this action while he returns to state court to exhaust his previously unexhausted claims. The mandate in Mr. Blanks' case was entered by the Washington Court of Appeals on July 17, 2008 (Dkt. # 18, Exh. 9). He may file a personal restraint petition seeking to exhaust such unexhausted claims no more than one year after the mandate issued. *See* RCW 10.73.090. Mr. Blanks still has sufficient time to seek collateral review at the state level.

**B.     Petitioner's Motion for Stay**

A district court may issue a stay and abeyance for a mixed petition under very limited circumstances, *i.e.,* if the petitioner can show good cause for failure to exhaust; if his claims are potentially meritorious; and, if he has not engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277. If the petitioner makes such a showing, the district court should exercise its discretion to stay his petition to permit exhaustion. *Id*. On the other hand, if the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Id*.; *see also Lundy,* 455 U.S. at 520. A petitioner can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims. *Id*.

The Court finds that a stay and abeyance is not appropriate as Mr. Blanks has not shown

ORDER
Page - 3

good cause for failure to exhaust. Therefore, the Court finds that a stay is not appropriate.

However, Mr. Blanks may amend his petition and proceed with his exhausted claims in this Court.  **If Mr. Blanks prefers to return to state court to exhaust his unexhausted claims first, he should notify the Court immediately**.  In that regard Mr. Blanks is cautioned that his time is running to do so as the mandate was entered by the Washington Court of Appeals on **July 17, 2008** (Dkt. # 18, Exh. 9),

Accordingly, it is **ORDERED:**

(1) Mr. Blanks' motion for a stay (Dkt. # 19) is **DENIED.**

(2) If Mr. Blanks chooses to proceed with his exhausted claims in this Court, he shall file an amended petition **on or before May 15, 2009**;

(3) If Mr. Blanks chooses to return to state court to exhaust his unexhausted claims first, he should notify the Court that this is the course of action he has chosen **on or before May 1, 2009**.

Dated this __5th__ day of April, 2009.

                          Karen L. Strombom
                          United States Magistrate Judge