1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEREK L. BLANKS,

                Petitioner,

      v.

TIMOTHY WENGLER, *et al.*,

                Respondents.

Case No.  C08-5543 BHS/KLS

REPORT AND
RECOMMENDATION

**NOTED FOR:**
**May 22, 2009**

       This habeas corpus action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Mr. Blanks has filed a

mixed petition consisting of exhausted and unexhausted claims for habeas relief.  The Court

provided Mr. Blanks with the choice of returning to state court to exhaust his claims or of

amending and resubmitting the habeas petition to present only the exhausted claims to this Court.

Mr. Blanks has chosen to return to state court.

## I. DISCUSSION

       On September 10, 2008, Petitioner Derek L. Blanks filed his habeas corpus petition, seeking

to challenge his 2004 conviction by plea for first degree child molestation.  Dkt. # 5.  Mr. Blanks

states nine claims for relief.  *Id*.  On January 12, 2009, Respondents filed an answer, stating that Mr.

Blanks had failed to exhaust six of his habeas claims and part of a seventh because he failed to properly raise them at every level of the state courts' review. Dkt. # 17. Respondents argue that Mr. Blanks' three exhausted claims are without merit and ask that the petition be dismissed with prejudice or, alternatively that Mr. Blanks be advised of his options regarding his mixed petition. *Id*., p. 17.

On March 16, 2009, Mr. Blanks filed a motion for stay and abeyance, requesting that this matter be stayed while he returns to state court "to exhaust the unexhausted Habeas Corpus Petition Grounds; 2(b), 3, 4, 5, 6, 9(1) & (2)." Dkt. # 19, pp. 1-2. Respondents filed no response to the motion for stay and abeyance.

Upon review, the undersigned found that a stay and abeyance was inappropriate, but that Mr. Blanks should be allowed to delete the unexhausted claims and proceed with his exhausted claims, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Dkt. # 20.[1] Alternatively, the Court advised Mr. Blanks that if he preferred, he could first return to state court to exhaust his unexhausted claims first. *Id.* In that regard, Mr. Blanks was cautioned that his time is running to do so as the mandate was entered by the Washington Court of Appeals on July 17, 2008. (Dkt. # 18, Exh. 9).

On April 23, 2009, Petitioner Blanks filed his response to the Court's Order, stating that he wishes to return to the state court to exhaust his unexhausted claims and asks that the Court dismiss his federal habeas petition without prejudice. Dkt. # 21, pp. 1-2.

---

[1]The parties agreed that Mr. Blanks has failed to exhaust the second half of Claim 2 and Claims 3, 4, 5, 6, and 9. However, Respondents argued that Mr. Blanks has also failed to exhaust Claim 7. Dkt. # 17, p. 8. The Court's review of the record confirmed that as to Claim 7, Mr. Blanks raised this issue as a federal constitutional claim in the Washington Court of Appeals (*see* Dkt. # 18, Exh. 4, pp. 17-18) and that he raised it in the Washington Supreme Court. *Id.*; Exh. 7 at 10. Thus, Mr. Blanks was correct that his unexhausted claims are 2(b), 3, 4, 5, 6 and 9.

1  Before dismissing a mixed petition containing both exhausted and unexhausted claims the

2  court is generally required to provide petitioner with "the choice of returning to state court to

3  exhaust his claims or of amending and resubmitting the habeas petition to present only exhausted

4  claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982); *see also Rhines*, 544 U.S.

5  at 278; *Tillema v. Long*, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus*

6  litigant with opportunity to amend mixed petition by striking unexhausted claims).

## V.  CONCLUSION

7
8      Mr. Blanks chooses to return to state court.  Accordingly, his federal habeas petition should

9
10 be **DISMISSED WITHOUT PREJUDICE.**

11     Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

12 the parties shall have ten (10) days from service of this Report and Recommendation to file written

13 objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

14 objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time

15 limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 22,**

16 **2009,** as noted in the caption.

17
18      Dated this __5th__ day of May, 2009.

19
20
21                                        Karen L. Strombom
                                         United States Magistrate Judge
22
23
24
25
26
27
28 REPORT AND RECOMMENDATION
   Page - 3